## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2509 CAS (SSx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | ARMEN GUKASYAN v. CHASE BANK USA, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**     **(In Chambers:) PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S CROSS-COMPLAINT** (filed 5/31/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 8, 2011, is hereby vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION

On March 25, 2011, plaintiff Armen Gukasyan ("Gukasyan") filed a complaint in the instant action against defendant Chase Bank USA, N.A. ("Chase") alleging violations of the Federal Credit Reporting Act (the "FCRA"). On May 5, 2011, defendant Chase filed an answer to plaintiff's complaint and counterclaims against Gukasyan. On May 31, 2011, Gukasyan filed a motion to dismiss the counterclaims. On June 20, 2011, defendants filed a first amended counterclaim ("FACC"), alleging claims for (1) breach of contract and (2) money had and received. On June 21, 2011, in light of the filing of the FACC, on the Court denied Gukasyan's motion as moot.

On July 11, 2011, counter-defendant Gukasyan filed a motion to dismiss the FACC. On July 18, 2011, counterclaimant Chase filed an opposition to Gukasyan's motion. On July 25, 2011, Gukasyan filed a reply in support of his motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2509 CAS (SSx) | Date | August 3, 2011 |
|----------|----------------------|------|----------------|
| Title | ARMEN GUKASYAN v. CHASE BANK USA, N.A. | | |

This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

District courts may exercise jurisdiction over state law claims supplemental to their federal question jurisdiction only if those state law claims are so closely related to the federal claim that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Counterclaims are governed by Rule 13 of the Federal Rules of Civil Procedure, which categorize counterclaims as either compulsory or permissive. See Fed. R. Civ. P. 13. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." Fed. R. Civ. P. 13(a)(1)(A). Supplemental jurisdiction generally automatically extends to compulsory counterclaims, because "[r]efusal to entertain a compulsory counterclaim might lead to its forfeiture." Baker v. Gold Seal Liquors, 417 U.S. 467, 468 n.1 (1974). The Ninth Circuit applies the "logical relationship test" to determine whether a counterclaim is compulsory. Pochiro v. Prudential Ins. Co., 827 F.2d 1246, 1249 (9th Cir. 1987). Applying the logical relationship test, the court must examine "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2509 CAS (SSx) | Date | August 3, 2011 |
|----------|----------------------|------|----------------|
| Title | ARMEN GUKASYAN v. CHASE BANK USA, N.A. | | |

Permissive counterclaims include "any claim that is not compulsory." Fed. R. Civ. P. 13(b). Permissive counterclaims require an independent basis for subject matter jurisdiction. See Otsuka, 2008 WL 2037621, at *3 (citing Iglesias v. Mut. Life Ins. Co., 156 F.3d 237, 241 (1st Cir. 1998)). Where there is no independent basis for jurisdiction over a permissive counterclaim, the Court may still exercise supplemental jurisdiction over the counterclaim where the counterclaim and the claims in the action "'derive from a common nucleus of operative fact' and are such that a 'plaintiff would be expected to try them in one judicial proceeding.'" Trs. of the Constr. Indus. & Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint. Inc., 323 F.3d 923, 925 (9th Cir. 2003) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1996)); see Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 8:1236 (The Rutter Group 2007).

**III. DISCUSSION**

Gukasyan argues that Chase's counterclaims should be dismissed because they are permissive counterclaims and there is no other basis for subject matter jurisdiction. Mot. at 3,5. Gukasyan contends that the counterclaims are permissive because "[w]hile there are undoubtedly facts which will overlap somewhat, Plaintiff's alleged breach of contract does not have any relevance as to whether the credit reporting was improper or not." Id. at 4.

In opposition, Chase argues that jurisdiction is proper because its counterclaim is compulsory, as "[t]he balance due and owing on the credit card account alleged in the FACC is thus a common issue to the Complaint and FACC, and in fact the principal issue as to both pleadings. If Chase prevails in establishing that Plaintiff is personally liable for the $16,015.91 owed on his business credit card account, it will prevail on its counterclaims, and defeat Plaintiff's FCRA claim by proving that its credit reporting was correct. Thus, the counterclaims and Plaintiff's FCRA claim arise out of exactly the same transaction(s) or occurrence, i.e., the debt incurred, due and owing on Plaintiff's credit card account at issue."[1] Opp. at 5-6.

---

[1] Chase also argues that the Court should deny counter-defendant's motion because he failed to meet and confer with Chase before filing the motion, in violation of Local Rule 7-3, and his motion omits the "required affirmation" of a Rule 7-3 conference. Opp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2509 CAS (SSx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | ARMEN GUKASYAN v. CHASE BANK USA, N.A. | | |

The Court finds the reasoning of the court in <u>Haney v. Law Offices of Rory Clark</u>, No. CV 10-663 AG, Docket no. 63, (attached as Exhibit A to Chase's opposition), persuasive. As in that case, the Court here finds that counter-defendant "is construing the 'same case or controversy standard too narrowly. . . . The claims do not need to be identical. Rather, the claims must derive from a common nucleus of operative fact. . . . Because both sets of claims rely on the underlying debt, the claims arise out of the same case or controversy." Haney Order at 5. Therefore, the Court finds that it is proper to exercise jurisdiction over the counterclaims as asserted in the FACC.

## IV.   CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff/counter-defendant's motion to dismiss defendant's counter-claims.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | IM | | |

_____

at 2. Counter-defendant challenges this assertion, contending that counsel for the parties exchanged letters regarding the motion and the arguments set forth in the parties' briefing. "Admittedly, this letter was sent before Plaintiff filed his first motion to dismiss but since the substance of the first motion and the instant motion are identical, Plaintiff has certainly attempted to meet and confer." Reply at 2. The Court declines to deny the motion on this ground, but admonishes the parties to comply with all local rules.